1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8    ISAIHA DUCKKET,                      Case No.: 3:20-cv-00719-RCJ-WGC

9            Petitioner
                                          ORDER
10   v.

11   WARDEN BRIAN WILLIAMS, et al.,

12           Respondents

13

          Petitioner Isaiha Duckket has filed a petition for writ of habeas corpus pursuant to
14
     28 U.S.C. § 2254 and has now paid the filing fee (ECF Nos. 1-1, 6).  The court has
15
     reviewed the petition pursuant to Habeas Rule 4 and directs that it be served on
16
     respondents.
17
          A petition for federal habeas corpus should include all claims for relief of which
18
     petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be
19
     forever barred from seeking federal habeas relief upon that claim.  See 28 U.S.C.
20
     §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his
21
     petition, he should notify the court of that as soon as possible, perhaps by means of a
22
     motion to amend his petition to add the claim.
23

1    **IT IS THEREFORE ORDERED** that the Clerk electronically SERVE the amended

2 petition (ECF No. 4) on respondents.

3    **IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada Attorney

4 General, as counsel for respondents and provide respondents an electronic copy of all

5 items previously filed in this case by regenerating the Notice of Electronic Filing to the

6 office of the AG only.

7    **IT IS FURTHER ORDERED** that respondents file a response to the petition,

8 including potentially by motion to dismiss, within **90 days** of service of the petition, with

9 any requests for relief by petitioner by motion otherwise being subject to the normal

10 briefing schedule under the local rules.   Any response filed is to comply with the

11 remaining provisions below, which are entered pursuant to Habeas Rule 5.

12    **IT IS FURTHER ORDERED** that any procedural defenses raised by respondents

13 in this case be raised together in a single consolidated motion to dismiss.  In other

14 words, the court does not wish to address any procedural defenses raised herein either

15 in seriatum fashion in multiple successive motions to dismiss or embedded in the

16 answer.  Procedural defenses omitted from such motion to dismiss will be subject to

17 potential waiver.  Respondents should not file a response in this case that consolidates

18 their procedural defenses, if any, with their response on the merits, except pursuant to

19 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If

20 respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will

21 do so within the single motion to dismiss not in the answer; and (b) they will specifically

22 direct their argument to the standard for dismissal under § 2254(b)(2) set forth in

23 *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural

defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number or numbers of the exhibits in the attachment.

**IT IS FURTHER ORDERED** that, at this time, the parties send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

Dated: April 29, 2021

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE