# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ISAIHA DUCKKET,<br><br>    Petitioner<br><br>v.<br><br>WARDEN BRIAN WILLIAMS, et al.,<br><br>    Respondents | Case No.: 3:20-cv-00719-RCJ-WGC<br><br>ORDER |

Before the court is respondents' motion to dismiss Isaiha Duckket's pro se 28 U.S.C. § 2254 habeas corpus petition as untimely (ECF No. 9). They also argue that certain grounds are unexhausted and/or procedurally defaulted. As discussed below, the motion is granted, and the petition is dismissed as untimely.

## I.   Background & Procedural History

On May 18, 2018, Duckket pleaded guilty to one count of attempt manslaughter by attempt killing unborn quick child (exhibit 18).[1] The state district court sentenced him to probation with an underlying prison term of 19 to 48 months. Exh. 22. The court

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 10-11.

entered the judgment of conviction on August 13, 2018. *Id*. Duckket did not file a direct appeal.

On January 28, 2019, the state district court revoked Duckket's probation and imposed the prison sentence of 19-48 months. Exhs. 28, 35. The amended judgment of conviction was entered on January 31, 2019. Exh. 35. Duckket did not appeal.

Duckket filed a state postconviction habeas petition on September 9, 2019. Exh. 39. The state district court denied the petition on its merits. Exh. 52. The Nevada Court of Appeals held that the petition was procedurally barred because it was untimely but affirmed the result because Duckket was not entitled to relief. Exh. 60.

Duckket dispatched his federal habeas corpus petition for filing on December 21, 2020 and filed an amended petition on January 8, 2021 (ECF Nos. 1-1, 4). Respondents now move to dismiss the petition as untimely (ECF No. 9). They argue alternatively that several claims are unexhausted and/or procedurally defaulted. Duckket opposed, and respondents replied (ECF Nos. 25, 22).

## II. Legal Standards & Analysis - Timeliness
### AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Where a defendant fails to seek direct review of his judgment of conviction before the state appellate court, the one-year period of limitations begins to run thirty days after the entry of the judgment of conviction. NRAP 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012). Here,

the state district court entered the judgment of conviction on August 13, 2018. Duckket did not file a direct appeal, therefore, his judgment of conviction became final thirty days later on September 12, 2018. Therefore, his one-year AEDPA statute of limitations began to run on September 13, 2018, the day after his time to seek a direct appeal expired, and, absent tolling, expired on September 13, 2019. 28 U.S.C. § 2244(d)(1)(A).

A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). A state petition is not deemed "properly filed" if it is untimely under state procedural rules. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Id*. at 414. Under Nevada state law, a habeas petition must be filed within one year after entry of the judgment of conviction if no appeal is taken. NRS 34.726(1). Duckket filed his state petition on September 9, 2019, more than a year after entry of the judgment of conviction on August 13, 2018. Exhs. 39, 22. The Nevada Court of Appeals applied the state procedural rule when it held that Duckket's petition was untimely pursuant to Nev. Rev. Stat. 34.726(1). Exh. 60.[2]

Even using the amended judgment to calculate the AEDPA statute of limitations, Duckket's federal petition is untimely. He did not appeal the January 31, 2019 amended judgment, thus the AEDPA limitations period started thirty days later on March 3, 2019 and expired on March 2, 2020. Duckket did not dispatch his original federal petition for filing until December 21, 2020 (ECF No. 1-1).

---

[2] The court further concluded that because Duckket did not challenge any change contained in the amended judgment of conviction, such as the revocation of probation, he lacked good cause to overcome the procedural bar. Exh. 60, p. 1.

3

Duckket is not entitled to statutory tolling because he filed an untimely state habeas petition. The procedurally barred state postconviction petition was not "properly filed" because it was untimely under Nevada state law. Thus, his state petition did not toll the federal statute of limitations. Calculating the AEDPA limitations period by either the original or amended judgment of conviction, Duckket's federal petition is untimely.

In his opposition to the motion to dismiss, Duckket insists his state postconviction petition was timely filed (ECF No. 25, p. 1). But he appears to confuse the state statute of limitations, which runs from the date of entry of judgment of conviction, when no appeal is taken, with the AEDPA statute of limitations, which runs from 30 days after the judgment of conviction, when no appeal is taken. The petition, therefore, is dismissed as time-barred.

### III. Motion for Leave to File Exhibits Under Seal

Respondents also filed a motion for leave to file certain exhibits under seal (ECF No. 12). While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). Here, respondents ask to file under seal three exhibits containing confidential information, including the presentence report. Good cause appearing, the motion is granted.

### IV. Motion for Default Judgment

Finally, Duckket has filed a motion for default judgment (ECF No. 16). He complained that respondents had not filed a response to his petition. Respondents had in fact filed the motion to dismiss more than a month earlier (*see* ECF No. 9).[3] The motion for default judgment is denied.

### V. Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

---

[3] In any event, default judgments are not available in habeas corpus proceedings. *See Townsend v. Sain*, 372 U.S. 293, 312 (1963), overruled on other grounds by *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992); *see also Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).

Having reviewed its determinations and rulings in concluding that Duckket's petition is untimely, the court finds that none of those rulings meets the *Slack* standard. The court therefore declines to issue a certificate of appealability for its resolution of Duckket's petition.

### VI. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED**. The amended petition (ECF No. 4) is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file certain exhibits under seal (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for default judgment (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly and close this case.

Dated: March 2, 2022

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE